

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

*0 8 -/587 VRW*

DIVISION FIVE

In re VICTOR RENARD CYRUS on Habeas Corpus.

A121124

Contra Costa County No. 9818832

Court of Appeal, First Apellate District
**FILED**

APR 1 0 2008

Diana Herbert, Clerk

by _____ Deputy Clerk

BY THE COURT:*

Petitioner does not demonstrate that he exhausted his habeas remedy in the superior court prior to seeking relief in this court. Accordingly, the petition for writ of habeas corpus is denied without prejudice to being refiled in the Contra Costa County Superior Court. (*In re Hillery* (1962) 202 Cal.App.2d 293, 294.) In the event petitioner again seeks habeas relief in this court, the petition shall include documents demonstrating petitioner's exhaustion of his superior court habeas remedy. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)

Dated: APR 1 0 2008

**Jones, P.J.**          P.J.

* Before Jones, P.J., Simons, J. and Stevens, J. (Retired Associate Justice of the Court of Appeal, First District, assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

me   VICTOR CYRUS

dress    P.O. BOX 4000

VACAVILLE, CA   95696

CSP - SOLANO   II   [7-245]

)C or ID Number    T-64245

IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA
(Court)

**PETITION FOR WRIT OF HABEAS CORPUS**

VICTOR CYRUS
'etitioner

vs.                                        No. _____

                                           *(To be supplied by the Clerk of the Court)*

CONTRA COSTA COUNTY SUPERIOR COURT
Respondent    CASE NO. 981883-2

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

This petition concerns:

☑ A conviction    ☐ Parole

☐ A sentence    ☐ Credits

☐ Jail or prison conditions    ☐ Prison discipline

☐ Other *(specify)*: _____

Your name: _____ VICTOR  RENARD  CYRUS _____

Where are you incarcerated? **CSP- SOLANO  III**

Why are you in custody?    ☑ Criminal Conviction    ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

VICTOR RENARD CYRUS, APPEALS HIS CONVICTION BY JURY TRIAL OF MURDER (PEN. CODE,

§187. THE JURY ALSO FOUND THAT HE PERSONALLY USED A FIREARM IN COMMITTING THE MURDER

b. Penal or other code sections: §12022.53, SUBDS. (b),(c) & (D) ~ §186.22, SUBD. (b)(1))

c. Name and location of sentencing or committing court: SUPERIOR COURT OF CONTRA COSTA COUNTY

d. Case number: 981883-2

e. Date convicted or committed: OCTOBER / 29TH DAY of 1999

f. Date sentenced: MARCH 15, 2002

g. Length of sentence: THIRTY-FIVE YEARS TO LIFE "WITH" POSSIBILITY of PAROLE

h. When do you expect to be released? A.S.A.P.

i. Were you represented by counsel in the trial court?    ☑ Yes.    ☐ No. If yes, state the attorney's name and address:

PENNY SCANLON, DEPUTY PUBLIC DEFENDER - CONTRA COSTA COUNTY,

APPEARED ON BEHALF of DEFENDANT: CYRUS

What was the LAST plea you entered? *(check one)*

☑ Not guilty    ☐ Guilty    ☐ Nolo Contendere    ☐ Other: _____

If you pleaded not guilty, what kind of trial did you have?

☑ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

6. **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

DENIAL of CONSTITUTIONAL RIGHT TO TESTIFY ON ONE'S BEHALF.

PETITIONER WAS DEPRIVED of HIS STATE AND FEDERAL CONST.

RIGHT TO TESTIFY.

a. **Supporting facts:**

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

PETITIONER WAS CONVICTED of MURDER IN THE FIRST DEGREE BY A JURY,

IN WHICH THE DEFENSE STRATEGY CONSISTED of (1) THIRD PARTY CULPABILITY

EVIDENCE, (2) AN ALIBI DEFENSE, (3) AND A STRONG SHOWING of

MISTAKEN IDENTITY. THE PETITIONER'S CRIMINAL RECORD WAS NOT BAD

ENOUGH TO CONSIDER HIM A CAREER CRIMINAL OR VIOLENT PERSON, SO

HIS TESTIMONY COULD ONLY HELP IN HIS ● QUEST TO BE EXONERATED.

DURING TRIAL, PETITIONER MADE AN OUTBURST AND VERBALLY

EXPRESSED HIS FRUSTRATION REGARDING THE CONFLICT HE WAS HAVING WITH

HIS DEFENSE ATTORNEY OVER HIS RIGHT TO TESTIFY. TRIAL COUNSEL REFUSAL

TO ALLOW HIM TO TESTIFY IGNITED THE BREAKDOWN / AND OUTBURST IN

WHICH PETITIONER LOST CONTROL BEFORE THE JURY.

⎰FOR MORE DETAILED ARGUMENT ON THE ISSUE, SEE ATTACHED

(3 PAGES):

b. **Supporting cases, rules, or other authority (optional):**

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)* IT IS A FUNDAMENTAL RULE OF PROFESSIONAL CONDUCT THAT, WHILE DECISIONS INVOLVING TRIAL STRATEGY ARE GENERALLY LEFT TO THE DISCRETION OF DEFENSE COUNSEL, THE DECISION TO TESTIFY IS THE CLIENT'S ALONE, AND MAY NOT BE USURPED

BY TRIAL COUNSEL. (SEE ABA MODEL RULE 1.2 (a); ABA CODE EC 7-7.) MORE IMPORTANTLY,
DENYING HIM HIS SIXTH AMENDMENT RIGHT TO COMPULSORY PROCESS.

(ROCK v. ARKANSAS (1987) 483 U.S. 44, 52 ; FARETTA v. CALIFORNIA (1975) 422 U.S. 806, 834/FN.

Petitioner, Victor Cyrus unequivocally expressed his desire and expectation to testify. On Tuesday, October 26, 1999, petitioner made a verbal outburst during the cross-examination of defense witness Chara Stevens, at which time prosecutor Mr. Kensok asked Ms. Stevens whether Victor Cyrus was " good friends" with varios individuals. ( R.T. 10/26/99 – 1:40 p.m., 16:19-24. ) Victor Cyrus interjected,

**THE DEFENDANT**: These are all the questions he can ask me, man. Damn, you can ask me this shit.

**THE COURT**: Mr.Cyrus

**THE DEFENDANT**: I'm getting on the stand now.
( R.T. 10/26/99 – 1:40 p.m., 16:25-28.)

In response, the court recessed the jury and convened an in-camera MARSDEN hearing. RT 946-955. Petitioner explained to the court that he was in conflict with his attorney over defense strategy, and also expressed his fundamental disagreement with defense counsel regarding his desire to testify:

Referring to the jury, petitioner said, "they looking at me saying, man, he has something to do with something" and complained " but she don't want me to get on the stand and testify and I got an alibi while I was coming home from jail". (R.T. 10/26/99-2:05 p.m., *sealed transcript*, 25:25-28.)

The court made no specific response concerning the question of Victor Cyrus testifying. However, the trial judge did tell petitioner, "The questions of stategy in a case are left to the attorney…she's made certain decisions. You may agree with some of them and you may disagree with others." (RT 10/26/99 – 2:05 p.m., 30: 3-8, 13-14.) The petitioner then made his proclamation of innocence: "I'm just saying I aint killed Freddie Lee, you know, and all I want is a fair trial." (RT 951.)

Thereafter, the court left defense counsel and Mr. Cyrus alone for approximately five minutes. (RT 10/26/99-2:05 31:16.) When the court went back on the record, both attorneys were present and, after a brief discussion of an evidentiary question, the jury and defense witness Stevens returned to the room. When Ms. Steven's testimony was concluded, defense counsel called Franklin Thompson immediately and he testified. At the conclusion of Franklin Thompson's testimony, defense counsel Penny Scanlon read a stipulation into the record and then, in the presence of the jury, announced that the defense was prepared to rest. (RT 10/26/99-2:05 50:6, 26.)

From this record, the appeals court cannot find that the Petitioner, Victor Cyrus was joined in his counsel's waiver of the right to testify.

(Friday, October 26, 2001-3:35p.m., Court House, Martinez, California.)

Trial counsel, Penny Scanlon, called as a witness on behalf of the prosecution (*at the hearing on the motion for new trial filed in the trial department by defendant*) testified:

**Q:** And in the Victor Cyrus case what was the main thrust of the defense?

**A:** That Victor didn't do it.

**Q:** Did you discuss the matter of Victor Cyrus testifying with Victor Cyrus?

**A:** Many times

**Q:** Did Victor Cyrus make an informed decision to not testify?

**A:** Yes.

**Q:** Did you advise him that he could testify if he wanted to?

PAGE  1  OF  3            ATTACHMENT :  RIGHT TO TESTIFY

A: Yes.

On cross-examination, Scanlon further testified:

Q: Victor Cyrus had never acknowledged that he had been there or done this shooting and tried to offer an explanation?

A: No.

Tuesday, November 27, 2001-4:35 p.m., Trial counsel Penny Scanlon also testified:

Q: I'll ask you about the topic of your meeting with Mr. Cyrus on October 24,199. And you took notes at that meeting, didn't you, Ms. Scanlon?

A: If you give me just a second. Yes.

MS. GRAY (DEFENSE COUNSEL): And I will make an offer of proof by reference to the transcripts we can establish that October 25th, was a Monday, the trial was in session, so that October 24, was a Sunday.

Q: And the conversation on October 24th is the same conversation in which you convinced Victor Cyrus not to testify, is that correct?

A: I wouldn't use those words. We discussed the pros and cons of his testifying. Obviously its his decision whether he testifies or not. And he agreed that the cons outweighed any pros.

Q: I guess what I'm trying to establish here it was still a live topic during the second trial?

A: We discussed it on the 24th, according to my notes.

Q: I'm asking you though isn't it true that Victor Cyrus at least was taking the possibility seriously enough to have provided you with a handwritten list of the questions that he thought you should ask him if he testified?

A: I don't recall specifically, but that is certainly possible.

At the hearing on the new trial motion, the defense submitted trial counsel's personal case file notes: (Exhibit k admitted into evidence) as proof that petitioner had clearly expressed his desire to testify in his own behalf on October 24, 1999.

Petitioner, Victor Cyrus also testified at the hearing on the new trial motion:

THE WITNESS: I thought that we had an understanding that I was going to testify, my father was going to testify, my girlfriend. But the main thing is that I covered everything with Penny Scanlon. And I had it --- had an understanding that certain things was going to be carried out a certain way. The way that she write her notes, and the way she testifies, I don't have no control over that.

### DIRECT EXAMINATION: VICTOR CYRUS JR. // PETITIONER

Q: You heard her (Penny Scanlon) testify in the hearing on this motion that one of the reasons for you not to take the stand was that your statement to the police could not be corroborated, was that something that she told you, that the two of you had talked about?

A: Never. Never. We went over the alibi witnesses, the issues on my mother, father, everybody. She never brought it to my attention that she (trial counsel) felt that whatever I was saying could not be corroborated with. She didn't do that until we was in court, and that's where all the frustration came from. (RT – pg. 1247:2-28)

2 oF 3

**Petitioner also testified:** It was like she (Scanlon) was subtracting from the things that we had talked about in the middle of trial. And I was very upset. So she said she's not putting me on the stand.

On January 18, 2002, petitioner's post-trial defense counsel, Cecily Gray made her final argument in regards to the claims raised in the New Trial motion:

**MS. GRAY:** If the court finds that Mr. Cyrus was deprived of his personal right to testify then that is a violation of a constitutional right of such magnitude that a new trial is required with or without a showing o prejudice.

    *" As to the competence of Ms. Scanlon's advice that he shouldn't testify. The courts had a chance now to hear Mr. Cyrus in court, to hear his testimony. He is not an incompetent witness. He's a persuasive witness. So to suggest that Victor on the stand would have brought to the jury's attention the negative impact of those materials seems to be quite preposterous. "*

On February 25, 2002 – 8:45 a.m., The Trial Court, Honorable Judge Lindenbaum-Brady made her ruling on the issue of whether petitioner's right to testify in his own behalf was violated. The judge stated the following:

**THE COURT:** Good morning, we're back in session on People vs. Cyrus. Mr. Cyrus is present with counsel, the People are represented, and this is on for decision on the motion for New Trial --- "regarding the Court's comments during the <u>MARSDEN</u> and the transcript of that particular marsden hearing is in the record, its one of the exhibits that has been marked and entered. I believe if you read the entire transcript 1 do not believe that anyone could misconstrue my comments as to suggest that it was---that the right to testify was the attorney's call and not the defendant's. I think if you read all the way through it that is clear. *That will certainly be a legitimate issue for you to raise on appeal,* whether someone else reads it different, by my reading of it that was not my conclusion."

Petitioner's argument is strongly supported by facts in evidence, in which exhibit k proves that the topic of whether the defendant would testify was discussed on October 24th , and petitioner is heard on the record during trial expressing his desire to testify.

However, the record do not show petitioner making an informal waiver of his constitutional right to testify, nor does it show the trial court taking the necessary steps to ensure petitioner's right to testify was voluntarily and intelligently waived --- and in the presence of the defendant, trial counsel never made a single comment in response to petitioner's outburst concerning his desire to testify. Trial Counsel's post-trial testimony should be disregarded based on the fact that all factual evidence in the form of exhibits and testimony favors petitioner's claim that: his right to testify was violated when trial counsel refused to allow him to do so. Trial counsel claimed that one of the reasons she did not want petitioner to testify is because his statements to the police could not be corroborated, which is also "not true". Trial counsel's own opening argument was highly in support of petitioner's alibi defense and the potential witnesses in support of such defense. So for Ms. Scanlon to get on the stand, post-trial, and discredit petitioner's entire defense; 1 urge the Court of Appeal to take notice of the conflicting way in which petitioner and trial counsel speak on the issue.

Accordingly, for the reasons set forth above, respondent respectfully requests that the petition for writ of habeas corpus be granted, and petitioner be granted a New Trial.

a. Supporting facts:

b. Supporting cases, rules, or other authority:

**MC—275**

8. Did you appeal from the conviction, sentence, or commitment? ☑ Yes. ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

COURT OF APPEAL, FIRST APPELLATE DISTRICT    DIVISION 5

b. Result    AFFIRMED IN FULL                c. Date of decision:   07/09/2004

d. Case number or citation of opinion, if known:    A099456

e. Issues raised:  (1)  BATSON/WHEELER  ERROR

(2)  INEFFECTIVE COUNSEL    MARSDEN ERROR

(3)  EVIDENTIARY  ERROR

f. Were you represented by counsel on appeal?  ☑ Yes.  ☐  No. If yes, state the attorney's name and address, if known:

ERIC STEPHEN MULTHAUP      20  SUNNYSIDE  AVENUE, SUITE A  -  MILL VALLEY, CA 94941

9. Did you seek review in the California Supreme Court?  ☑ Yes ☐  No. If yes, give the following information:

a. Result        DENIED                b. Date of decision:   09/22/2004

c. Case number or citation of opinion, if known:       PETITION FOR REVIEW

d. Issues raised:  (1)

(2)                    SAME

(3)

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

APPELLATE COUNSEL MADE LIGHT OF THE ARGUMENT, DID NOT ARGUE EXTENSIVELY. THE

COURT IGNORED CLAIM.

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

b. Did you seek the highest level of administrative review available?  ☐  Yes.  ☐  No.
*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, **MC–275** commitment, or **issue** in any court?  ☒ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a. (1) Name of court:  ___UNITED  STATES  DISTRICT  COURT / NORTHERN  DISTRICT___

   (2) Nature of proceeding (for example, "habeas corpus petition"):  ___HABEAS  ACTION___

   (3) Issues raised: (a) _____

   (b) _____   ✳  SEE  ATTACHMENTS  ✳

   (4) Result *(Attach order or explain why unavailable):* _____

   (5) Date of decision: _____

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result *(Attach order or explain why unavailable):* _____

   (5) Date of decision: _____

   c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

_____

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

   ✳ I  REQUEST  APPOINTMENT  of  COUNSEL .  ✳

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   COURT  ORDERED  / NORTHERN  DISTRICT  /  APPELLATE  COURT OF APPEAL, DISTRICT  DIVISION  FIVE

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: APRIL  16,  2008                     ▶  Victor R. Cyrus M.
                                                      (SIGNATURE OF PETITIONER)

1
2
3
4
5
6
7
8
9
10
11
12
13

**FILED**

MAY 1 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR RENARD CYRUS, JR, )
                                    )
            Petitioner,             )        No C 05-4975 VRW (PR)
                                    )
      vs.                           )        ORDER
                                    )
SCOTT KERNAN, Warden,               )
                                    )
            Respondent.             )
_____)

14        On December 1, 2005, petitioner filed a habeas action under 28 USC §

15   2254 challenging a June 2002 murder conviction from Contra Costa County

16   superior court.

17        On December 27, 2005, petitioner filed an amended petition using this

18   court's habeas form. In the operative amended petition, petitioner raised six

19   claims for relief: (1) discriminatory use of peremptory challenges, (2) wrongful

20   denial of motion to substitute counsel, (3) improper admission of evidence, (4)

21   denial of right to testify on one's behalf, (5) ineffective assistance of counsel for

22   failure to investigate and interview a witness, and (6) ineffective assistance of

23   counsel due to counsel's violation of court's protective order.

24        Per order filed on March 24, 2006, the court found that the claims appear

25   cognizable under § 2254, when liberally construed, and ordered respondent to

26   show cause why a writ of habeas corpus should not be granted. Respondent filed

27   an answer addressing the merits of the four claims petitioner raised on direct

28   appeal (ie, claims 1, 2, 3 and 5) and petitioner filed a traverse.

1        After careful review of the record, the court finds that claims 4 and 6 were

2    not raised on direct appeal and therefore are not exhausted. Petitioner may

3    nonetheless still be able to exhaust those claims via state habeas. See, eg, Park v

4    California, 202 F3d 1146, 1153-54 (9th Cir 2000) (petitioner who failed to seek

5    direct review from Supreme Court of California properly exhausted his claim and

6    avoided procedural default because Supreme Court of California provided him

7    with second chance to present his claim via state habeas).

8        Under the law of the circuit, the court must give petitioner the option of

9    either withdrawing his unexhausted claims (claims 4 and 6) and proceeding only

10   on his exhausted claims (claims 1, 2, 3 and 5), or of dismissing the entire mixed

11   petition and returning to federal court with a new petition once all claims are

12   exhausted. See Jefferson v Budge, 419 F3d 1013, 1016 (9th Cir 2005); Olvera v

13   Giurbino, 371 F3d 569, 573 (9th Cir 2004).

14       Within 30 days of this order, petitioner shall inform the court in writing

15   whether he wishes to (1) withdraw his unexhausted claims (claim 4 and 6) and

16   proceed only on his exhausted claims (claims 1, 2, 3 and 5), or (2) dismiss the

17   entire mixed petition and return to federal court with a new petition once all

18   claims are exhausted.[1] Failure to respond within the designated time will result

19   in the dismissal of the entire mixed petition without prejudice to filing a new

20   federal petition containing only exhausted claims.

21       SO ORDERED.

22                                          VAUGHN R WALKER
                                            United States District Chief Judge
23

24   _____

25       [1]Petitioner may be able to seek a stay of these proceedings if he can show
     that there was good cause for his failure to exhaust his unexhausted claims in
26   state court, and that the claims are potentially meritorious. See Rhines v Webber,
27   125 S Ct 1528, 1535 (2005).

28                                     2

## UNITED STATES DISTRICT COURT

### FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

Cyrus,

Case Number: C 05-4975 VRW

Plaintiff,

**CERTIFICATE OF SERVICE**

v.

Kernan, et al.,

Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 10, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Catherine Rivlin
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Victor Renard Cyrus T-64245
P.O. Box 290066
New Folsom CSP - Sacramento
Represa, CA 95671

Dated: May 10, 2007

Richard W. Wieking, Clerk
By: Cora Klein, Deputy Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR RENARD CYRUS, JR,                )
                                        )
              Petitioner,               )        No C 05-4975 VRW (PR)
                                        )
         vs.                            )        ORDER OF DISMISSAL
                                        )
SCOTT KERNAN, Warden,                   )
                                        )
              Respondent.               )
_____        )

18      Per order filed on May 10, 2007, the court found that two of petitioner's

19   six habeas claims are not exhausted under 28 USC § 2254. The court explained

20   that under the law of the circuit, petitioner must elect to withdraw his

21   unexhausted claims and proceed only on his exhausted claims, or dismiss the

22   entire mixed petition and return to federal court with a new petition once all

23   claims are exhausted. May 10, 2007 Order at 2 (citing Jefferson v Budge, 419

24   F3d 1013, 1016 (9th Cir 2005); Olvera v Giurbino, 371 F3d 569, 573 (9th Cir

25   2004)).[1]

26
27
28

_____

[1]The court also noted that petitioner may be able to seek a stay of these
proceedings if he can show that there was good cause for his failure to exhaust

1

2

3

4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6

ORDER OF THE CHIEF JUDGE

7

8

9

IN RE: ELECTRONIC FILING IN CASES WITH UNREPRESENTED PARTIES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

When the Electronic Case Filing (ECF/e-filing) program was established for civil cases in January 2003 (see generally General Order 45), the court's practice was to exclude from the e-filing program cases in which any party was not represented by an attorney. Pursuant to Part III of General Order 45, the court's ECF webpage provided: "All cases involving pro se parties are excluded from the e-filing program and must be filed entirely in paper, unless otherwise ordered by the court."

Effective immediately, cases with unrepresented party litigants in which at least one party is represented by an attorney will no longer be excluded from the e-filing program. All *represented* parties will e-file their submissions to the court on the same basis as in cases not involving pro se litigants and in compliance with all parts of General Order 45. *Represented* parties will be required to serve paper copies by mail on *unrepresented* parties only. As before, unrepresented litigants will continue to file and serve all submissions to the court in paper form unless prior leave is obtained from the assigned judge in a particular case.

24

25

IT IS SO ORDERED.

26

27

28

Date: May 11, 2007

Vaughn R Walker
United States District Chief Judge

United States District Court
For the Northern District of California

1          Petitioner has filed a timely response to the court's order in which he

2     states: "Petitioner will move to dismiss the entire petition and return to federal

3     court with a new petition once all claims are exhausted." Pursuant to petitioner's

4     election, the petition is DISMISSED without prejudice to filing a new federal

5     petition containing only exhausted claims.

6          The clerk shall enter judgment in accordance with this order, terminate all

7     pending motions as moot, and close the file.

8          SO ORDERED.

9                                                    _____

10                                                   VAUGHN R WALKER
                                                     United States District Chief Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25     _____

26     his unexhausted claims in state court, and that the claims are potentially
       meritorious. May 10, 2007 Order at 2 n1 (citing Rhines v Webber, 125 S Ct
27     1528, 1535 (2005)).

28                                        2

1

2                          IN THE UNITED STATES DISTRICT COURT

3
                           FOR THE NORTHERN DISTRICT OF CALIFORNIA
4

5

6    VICTOR RENARD CYRUS, JR.,                          No. C 05-4975 VRW (PR)

7              Petitioner,
                                                        **JUDGMENT IN A CIVIL CASE**
8    v.

9    SCOTT KERNAN, Warden,

10             Respondent.
                                          /
11

12        **( ) Jury Verdict.** This action came before the Court for a trial by jury. The issues

13   have been tried and the jury has rendered its verdict.

14        **( x ) Decision by Court.** This action came to trial or hearing before the Court. The

15   issues have been tried or heard and a decision has been rendered.

16        **IT IS SO ORDERED AND ADJUDGED** that pursuant to the order dismissing

17   the petition without prejudice to filing a new federal petition containing only exhausted

18   claims, judgment is entered for Respondent and against Petitioner.

19

20   Dated: June 15, 2007                               Richard W. Wieking, Clerk

21                                                      By: *Cora Klein*

22                                                      Deputy Clerk

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISCUSSION**

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 USC § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id § 2243.

B.    Legal Claims

Petitioner seeks federal habeas corpus relief by raising claims of discriminatory use of peremptory challenges, prejudicial evidentiary error and ineffective assistance of counsel.  Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.  See Zichko v Idaho, 247 F3d 1015, 1020 (9th Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.    Petitioner's request to proceed in forma pauperis (docs # 2 & 5) is GRANTED.

2.    The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3.    Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule

2

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR RENARD CYRUS, JR,                    )
                                            )
            Petitioner,                     )        No C 05-4975 VRW (PR)
                                            )
      vs.                                   )        ORDER TO SHOW CAUSE
                                            )
SCOTT KERNAN, Warden,                       )        (Docs # 2 & 5)
                                            )
            Respondent.                     )
_____        )

            Petitioner, a state prisoner incarcerated at California State Prison,

Sacramento, has filed a pro se petition for a writ of habeas corpus under 28 USC

§ 2254. He also seeks to proceed in forma pauperis under 28 USC § 1915.

                              **BACKGROUND**

            Petitioner was convicted of murder by a jury in the Superior Court of the

State of California in and for the County of Contra Costa. The jury also found

that petitioner personally used a firearm in committing the murder, personally

and intentionally discharged a firearm causing great bodily injury, and committed

the murder with intent to further the unlawful conduct of a criminal street gang.

In June 2002, petitioner was sentenced to state prison for 25 years to life on the

murder conviction with a consecutive 10-year term for firearm use.

            On July 9, 2004, the California Court of Appeal affirmed the judgment of

the trial court and, on September 22, 2004, the Supreme Court of California

denied review of a petition allegedly raising the same claims raised here.

Victor R. Cyrus T64245
PO Box 4000
Vacaville CA 95696
sacno II 7245

Att: Richard
North DISTRIC
450 Golden
San Francisco

NORTHERN DISTRICT OF CALIFORNIA
CLERK U.S. DISTRICT COURT
RICHARD W. WIEKING

APR 2 8 2008

RECEIVED




02 1M          $ 01.31⁰
0004227002      APR 22 2008
MAILED FROM ZIP CODE 94538

wicking, Clerk
of California
Gate Ave
, CA   94102